TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-08-00378-CV






Lisa M. Nease, Appellant


v.


Steven R. Faske and Joetta Faske, Appellees






FROM THE COUNTY COURT AT LAW OF BASTROP COUNTY

NO. G-109, HONORABLE BENTON ESKEW, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 This is an appeal from the county court's order appointing the guardian of the person
and estate of Logan Ray Faske. We hold that jurisdiction and venue were proper in the county court
and that appellant has not demonstrated reversible error in the procedure followed in the trial court. 
We affirm.

 Logan suffers from cerebral palsy and epilepsy. On November 21, 2006, when Logan
was less than three months away from his eighteenth birthday, appellees Steven R. Faske (Logan's
father) and Joetta Faske (Steven's wife) filed an application in Bastrop County to have themselves
appointed as Logan's permanent guardians. On December 1, 2006, appellant Lisa M. Nease
(Logan's mother) filed an application in Washington County to have herself appointed as Logan's
guardian. Nease also filed a plea to the jurisdiction and motion to transfer venue in the
Bastrop County action seeking to forestall that suit in favor of her Washington County action. The
Bastrop County court denied Nease's plea to the jurisdiction and motion to transfer venue, and in
April 2008 a jury trial was held in the Bastrop County court for the appointment of Logan's
permanent guardian as an adult. On May 30, 2008, the county court appointed Steven as his son
Logan's permanent guardian.

 Nease contends that the Bastrop County court did not have subject-matter jurisdiction
to enter its order. However, the County Court at Law of Bastrop County plainly has jurisdiction over
guardianship proceedings. See Tex. Prob. Code Ann. § 606(c) (West Supp. 2009). Appellees' live
pleadings at the time of trial sought guardianship of Logan as an incapacitated adult. (1) See id.
§ 677(a) (West 2003). While the Lee County district court may have retained exclusive jurisdiction
over Logan while he was a minor based on its 1995 order in a "suit affecting the parent-child
relationship" involving Logan, see Tex. Fam. Code Ann. § 155.002 (West 2008), the Bastrop County
court properly exercised jurisdiction over Logan as an incapacitated adult, see Tex. Prob. Code Ann.
§ 606(k).

 Nease also contends that the Bastrop County court erred in denying her motion to
transfer venue to the Washington County court, at which she had filed a competing application for
appointment of guardian. Section 610(a) of the probate code provides that a proceeding for the
appointment of a guardian for the person and estate of an incapacitated person shall be brought in
"the county in which the proposed ward resides or is located on the date the application is filed." 
Id. § 610(a) (West 2003). There is no dispute that Logan's residence has been in Bastrop County
since 1998 and has never been in Washington County. Nease argues, however, that because Logan
was physically present in Washington County when she filed her application for guardianship, he
was "located" in Washington County and, therefore, the Bastrop County and Washington County
courts have concurrent venue.

 Even if Nease's statutory construction of the term "located" in probate code
section 610(a) is correct, venue was proper in Bastrop County. "If two or more courts have
concurrent venue of a guardianship matter, the court in which an application for a guardianship
proceeding is initially filed has and retains jurisdiction of the guardianship matter." Id. § 611(a)
(West 2003). A proceeding is considered commenced by "the filing of an application alleging facts
sufficient to confer venue." See id. Appellees' original application alleged that Logan's "current
residence" is in Bastrop County. See id. § 610(a) (venue proper in county where proposed ward
"resides or is located" on date application filed). Thus, appellees' original application commenced
guardianship proceedings in Bastrop County. This application was filed on November 21, 2006,
which pre-dates Nease's filing of her application in Washington County on December 1, 2006. 
Therefore, venue was proper in the Bastrop County court. See id. § 611(a). We affirm the
county court's denial of Nease's motion to transfer venue.

 Nease also argues that the Bastrop County court erred by allowing appellees' counsel
to instruct the jury on the definitions of statutory terms contained in the jury charge during
closing arguments. See Tex. R. Civ. P. 277 ("The court shall submit such instructions and
definitions as shall be proper to enable the jury to render a verdict."). Even if appellees' jury
instructions were improper, (2) we do not consider such error to be cause for reversal. To be reversible
error, the improper jury argument must have a probable effect on a material finding, based on
an evaluation of the whole case. See Standard Fire Ins. Co. v. Reese, 584 S.W.2d 835, 839-40
(Tex. 1979). While there was evidence at trial that Nease and her son Caleb would provide a
sufficient amount of care for Logan, there was also evidence that appellees had provided a sufficient
amount of care since 1995 when Logan began residing with his father Steven, (3) and that the school
facilities and resources in Bastrop County were superior to those available in the event Nease
obtained guardianship. (4) Logan's psychotherapist, speech pathologist, physical therapist, pediatric
neurologist, teacher, and caregiver, as well as appellees Steven and Joetta Faske, all testified in favor
of Logan remaining with appellees. We hold that appellees' counsel's providing definitions from
the dictionary and the probate code, if error, was not reversible error.








 We affirm the judgment of the county court.



 __________________________________________

 G. Alan Waldrop, Justice

Before Chief Justice Jones, Justices Waldrop and Henson

Affirmed

Filed: January 8, 2010
1. Nease presents arguments against the Bastrop County court having jurisdiction based on
appellees' pleadings filed prior to their live pleadings at the time of trial. However, appellees' prior
pleadings were superseded by their subsequent pleadings. See Tex. R. Civ. P. 65.
2. Nease provides no authority for this proposition and, moreover, does not identify the
improperly defined terms.
3. Steven and Joetta married in 1996.
4. Based on the disparity in school facilities and resources alone, Logan's attorney ad litem
testified that he believed Steven Faske should be granted guardianship.